**Carnail SINGH, aka Karnail Singh, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 00–70205.**
**I & NS No. A72–463–624.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 18, 2001.

Decided June 5, 2001.

Before HUG and T.G. NELSON, Circuit Judges, and D. PREGERSON,* District Judge.

## MEMORANDUM **

Carnail Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a),[1] and we deny Singh's petition for review. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here except as necessary to explain our disposition.

Singh conceded at the hearing before the IJ that he was not admissible to the United States, and thus the IJ found him excludable under the applicable statute. Singh applied for asylum and withholding of deportation.

The BIA noted that Singh "bases his request for relief on his fear of persecution from the local Indian authorities who he testified detained and mistreated him on three occasions on account of his support for the Kalistani Commando Force (KCF)." The BIA agreed with the IJ that Singh didn't carry his burden of proof and found that his testimony was general, non-responsive, and lacked reliability. The BIA noted that the "applicant's testimony lacked detail, specificity and consistency and did not present a plausible coherent

---

* Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. 104–208, 110 Stat. 3009 (Sept. 30, 1996), repealed this section. However, the IIRIRA provides transitional rules that apply to cases where the deportation proceedings commenced prior to April 1, 1997, and in which a final deportation order was issued on or after October 30, 1996. Because Singh's deportation proceedings commenced on August 5, 1992, and a final order was issued on February 7, 2000, the IIRIRA transitional rules apply to this case.

account of the basis for the applicant's fears." The BIA found that Singh's "three arrests as well as the arrest of his father lacked detail regarding the nature of the detentions or the motivation behind the police's decision to detain the applicant or his father." The BIA also noted that Singh was "able to live peacefully with his aunt for a period of 5 years subsequent to his last arrest in 1987."

The BIA stated that Singh was also eligible to apply for relief under the Convention Against Torture. It found that based on the evidence in the record he failed to carry his burden of proof that he would be tortured if removed to India.

In cases such as this where the BIA exercises its power to conduct a de novo review of the IJ's decision, we only review the decision of the BIA. *See Yepes–Prado v. INS*, 10 F.3d 1363, 1366 (9th Cir.1993). We review factual findings supporting an asylum determination and a decision regarding withholding of deportation under a substantial evidence standard. *See Berroteran–Melendez v. INS*, 955 F.2d 1251, 1255 (9th Cir.1992). We must affirm the BIA if its decision is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (quoting 8 U.S.C. § 1105a(a)(4)). We can reverse the BIA's factual findings only if evidence in the record "compels" a contrary conclusion. *See id.*

Substantial evidence supports the BIA's determination that Singh failed to establish past persecution or a well-founded fear of future persecution. Because Singh failed to establish eligibility for asylum, he necessarily failed to establish a claim for withholding of deportation. *See*

*Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

PETITION DENIED.